982 F.2d 530
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ernest CONTRERAS-MARTINEZ, Defendant-Appellant.
 No. 92-2049.
 United States Court of Appeals, Tenth Circuit.
 Dec. 10, 1992.
 
 Before JOHN P. MOORE and BRORBY, Circuit Judges, and THEIS, District Judge.*
 ORDER AND JUDGMENT**
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 Ernest Contreras-Martinez was convicted on one count of possession of cocaine with intent to distribute. He argues the evidence was insufficient to convict and that the INS agent who stopped him lacked reasonable suspicion; therefore, the statements he made to the agent should have been suppressed. We believe the district court's finding that the conversation was consensual is amply buttressed by the facts. Our review of the record leads us to conclude the evidence supports the conviction. We therefore affirm the judgment of the district court.
 
 
 2
 The statements defendant argues should have been suppressed were made to Agent Ochoa of the INS after he stopped defendant at the railroad station in Albuquerque. The defendant was stopped because a vendor who knew Agent Ochoa told him while defendant was purchasing merchandise from her, he looked nervous and she had an uneasy feeling about him. Agent Ochoa, who knew this station to be the locus of a number of illegal aliens, followed the defendant and engaged him in conversation.
 
 
 3
 During the course of the conversation, defendant appeared "extremely nervous" and had to clear his throat to speak. In response to a question from the agent, defendant stated he was from Mexico and produced valid immigration documents which the agent immediately returned.
 
 
 4
 Because defendant's actions appeared to Agent Ochoa to be inconsistent with the valid immigration documents, the officer asked defendant what he was doing. Mr. Contreras replied he was waiting for a taxi, notwithstanding a free taxi was standing at the curbside in front of the defendant. The agent then asked defendant if he had any luggage. Looking at a black Samsonite case, he replied that he did not. When asked again, defendant changed his mind and stated he had a bag inside the station.
 
 
 5
 Defendant then went into the station, followed by Agent Ochoa, to look for his bag. Inside, he walked "around all over the building but not going to any particular place like as if he [did not] know where it was." When Mr. Contreras failed to locate his bag, he told the agent that "somebody must have stolen it."
 
 
 6
 From the testimony, it appears Mr. Contreras and Agent Ochoa then parted company. Nevertheless, Agent Ochoa and a fellow officer, Agent Small, kept defendant under observation. Defendant stood nearby for a while, making no moves toward the Samsonite bag, and eventually got into a cab and drove off.
 
 
 7
 Because the bag was left at the curbside, the agents decided it had been abandoned and seized it. A subsequent search produced a quantity of cocaine. Defendant was later arrested and charged with the instant offense.
 
 
 8
 Although defendant claims the conversation he had with Agent Ochoa was tantamount to a "seizure," we disagree. There is nothing in the record indicating that during the course of the conversation defendant was barred in any way from leaving. Indeed, the evidence is that he was completely unrestricted, leaving Agent Ochoa to go into the station to search for his bag, and ultimately to get into a cab and leave the scene altogether. Nor does the evidence indicate the officer acted in an intimidating or coercive fashion. In fact, he testified that he was actually trying to help the defendant locate his lost bag. Moreover, the conversation took place in the open and away from any constriction that would have given the defendant a reason to believe his freedom was impaired in any way. In short, we see nothing in the evidence that fails to support the district court's findings that the encounter was consensual. INS v. Delgado, 466 U.S. 210, 218-21 (1984). Compare United States v. Bloom, 975 F.2d 1447 (10th Cir.1992); United States v. Ward, 961 F.2d 1526, 1530 (10th Cir.1992).
 
 
 9
 In passing, we would note even if the trial court were incorrect in this finding, there is no reason why the defendant's statements should have been suppressed. Were we to assume, only for the sake of discussion, that the defendant was under a brief restriction of his activities, the stop was consistent with the scope of investigative stop made permissible in Terry v. Ohio, 392 U.S. 1 (1968).
 
 
 10
 Defendant attacks the sufficiency of the government's case by highlighting the testimony of individual witnesses and attempting to impeach it. Nonetheless, taking the evidence in a light most favorable to the government, the prosecution proved a chain of circumstances which tied defendant to the black Samsonite suitcase filled with cocaine. Even though no one witness provided sufficient evidence to make that connection, their cumulative testimony did.
 
 
 11
 For example, although the vendor, Jane Narro, was not sure of her identification of the defendant, Agent Ochoa identified Mr. Contreras as the man Ms. Narro pointed out to him. Agent Ochoa kept sight of the man indicated to him by Ms. Narro until he met and talked to that person. There is no question that the defendant is the man to whom Agent Ochoa talked. In addition, Ms. Narro stated she sold the man a canned drink which he carried away from her stand. Agent Small testified he observed defendant place a canned drink on the ground before getting his papers for Agent Ochoa. Next, even though Agent Ochoa did not see the defendant with the black Samsonite bag in his hand, Ms. Narro identified the bag as the one in the possession of the person she pointed out to Agent Ochoa.
 
 
 12
 These are all sufficient circumstances, when taken together, that provide ample evidence for the jury to identify the defendant and tie him to the cocaine. Contrary to defendant's argument, we do not believe there is any question he had the bag of cocaine in his possession and then abandoned it when he encountered Agent Ochoa.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The Honorable Frank G. Theis, Senior Judge for the United States District Court for the District of New Mexico, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3